UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                         Crim. Case No. 00-80756

MORRIS JOHNSON,

    Defendant/Petitioner.

_____/

**ORDER DENYING PETITIONER'S APPLICATION PURSUANT TO**
**USSG § 5K2.02(2), USSG 5H1.3, 18 U.S.C. § 3722(2),**
**FED. R. CRIM. P. 52 and 18 U.S.C. § 3553(f)**

I.  Introduction

This is a criminal case.  Before the Court is defendant/petitioner's paper styled "Petitioner's Application Pursuant to USSG § 5K2.0(2), USSG 5H1.3, 18 U.S.C. § 3742(2), Federal Rule of Criminal Procedure Rule 52 and 18 U.S.C. § 3553(f)."  Defendant asks that the Court grant him "relief" from his sentence which contained a two level firearm enhancement under U.S.S.G. § 2D1.1.  Defendant says that as a result of this enhancement, he is not eligible for early release consideration and placement in a community corrections facility.  Although defendant cites several guideline section and statutory sections as a basis for relief, defendant's application is based on the Supreme Court's holding in United States v. Booker, 125 S.Ct. 738 (2005).  Defendant essentially argues that because the guidelines are advisory, the Court can reconsider his sentence and remove the firearm enhancement.  For the reasons that follow, the application is DENIED.

II.  Background

Defendant was charged in a multi-count, multi-defendant indictment with drug and firearm violations.  On March 1, 2002, defendant plead guilty to count 1 of the indictment charging conspiracy to distribute and to possess with intent to distribute, in violation of 21 U.S.C. §§ 841, 846.  The Rule 11 agreement provided that defendant would receive a guidelines sentence of 57-71 months.  In exchange for pleading guilty, the government agreed to dismiss count 6 (use of a communication facility in committing a drug offense, in violation of 21 U.S.C. § 843(b)) and count 11 (possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)).  However, defendant agreed that the Court could consider these dismissed counts in determining his sentence.  On July 24, 2002, defendant was sentenced to 60 months incarceration.  Defendant did not appeal his conviction.

This is defendant's third attempt at obtaining collateral review of his sentence based on the application of the firearm enhancement.  On February 24, 2004, defendant filed a motion under § 2255 claiming that his guilty plea was not made with a full understanding of the consequences because he did not know he would receive the two level firearm enhancement.  The government argued that the motion was time-barred and lacked merit.  The Court agreed and denied the motion.  See Order filed April 6, 2004.  As to the merits, the Court stated that

> [t]he Rule 11 agreement provided that even though the firearms charge was to be dismissed, the "court may consider these other counts and any other relevant conduct in determining the appropriate sentence."  The two level enhancement under U.S.S.G. § 2D.1.1 for possessing a dangerous weapon was specifically included in the sentencing worksheet accompanying the Rule 11 agreement.  The enhancement was also included in the presentence report (PSI), to which petitioner did not object.  There is nothing in the record to show

> that petitioner did not understand that the two level enhancement may be applied. Petitioner's sentence was within the Rule 11 agreement which spelled out the consequences of his plea. Moreover, as set forth in the government's response, the enhancement was proper based on the facts of the offense.

Order at p. 3. In a footnote, the Court noted that defendant did object to his criminal history category in the PSI, which placed him in category II. As explained below, the Court agreed with defendant and found defendant's criminal history to be a category I (as called out for in the Rule 11 agreement).

On August 25, 2004, defendant filed a motion to correct the judgment under Fed. R. Crim. P. 36, arguing that his offense level reflected in the judgment incorrectly included the firearm enhancement. The Court denied the motion, stating in part:

> Defendant now argues that based on a review of the sentencing transcript, the Court did not intend to apply the firearm enhancement. Defendant relies on the following statement from the Court at sentencing:
>> You know something? The way I did it it affected the presentence report. The two levels should be excluded. I find that the proper criminal history is I.
>
> Sentencing transcript at p. 7. Defendant says that the "two levels" the Court was referring to are the two levels for the firearm enhancement. Thus, he says that judgment contains a clerical error in that his offense level of 25 includes the two level firearm enhancement, when it should be level 23.
>
> Defendant is mistaken. The "two levels" to which the Court referred at sentencing was not the two level firearm enhancement used to calculate his offense level, rather it was the two <u>criminal history</u> points the probation department recommended based on defendant's criminal contempt conviction. The probation department calculated defendant's criminal history as category II. The Court, however, found that the two points overstated his criminal history and found "that the proper criminal history is I." As to defendant's offense level, the Court stated:
>> [b]ecause of the quantity of drugs, you are at 26; two points are added because you were found with a weapon; three levels reduced [for acceptance of responsibility], which brings you to 25.
>
> Sentencing transcript at p. 4. Thus, there is no error, clerical or otherwise, in defendant's judgment. While the Court is not unsympathetic to defendant's desire to be placed in a drug treatment program, the Court cannot change the fact that he may be ineligible based on the Bureau of Prisons' regulations.

<u>See</u> Order Denying Motion under Fed. R. Crim. P. 36 at p. 3-4, filed August 26, 2004 (internal footnote omitted).

### III.  Conclusion

Now before the Court is defendant's third attempt at review of the propriety of the firearm enhancement.  The government argues that the motion should be construed as a second § 2255 motion and dismissed for defendant to seek permission to file the motion with the Court of Appeals for the Sixth Circuit and also says the motion lacks merit.

Defendant specifically requests that the Court not construe his application as a second motion under § 2255.  Because defendant is again challenging the firearm enhancement which was the subject of his initial § 2255, it does appear that defendant's application could be so construed.  In light of defendant's request and because the instant request for relief lacks merit, however, the Court declines to construe the application as a second § 2255 motion.  More importantly, as the government points out, defendant's request for relief based on the holding in <u>Booker</u> lacks merit because the Sixth Circuit has held that the holding in <u>Booker</u> does not apply to cases on collateral review.  <u>See</u> <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005).  Thus, even if the Court were to construe the application as a second § 2255 motion and transfer the case to the Sixth Circuit, it would be highly unlikely that defendant would obtain permission to file a second § 2255.  Overall, defendant's motion lacks merit.  The Court has twice before held that the firearm enhancement was properly applied.  Nothing in the instant application alters that conclusion.  The Court does note that based on the statements in defendant's application, he has a good institutional record

which is commendable. However, it is up for the Bureau of Prisons, not the Court, to determine defendant's eligibility for early release. That the firearm enhancement prevents him from being eligible for early release is a matter not within the Court's control.

    SO ORDERED.


                                          ___s/Avern Cohn_____
                                                AVERN COHN
Dated: November 18, 2005          UNITED STATES DISTRICT JUDGE
      Detroit, Michigan